UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HILDA GREEN,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        No. 3:17-CV-219-CLC-HBG
                                      )
CAMPBELL COUNTY, TENNESSEE, and       )
ALENE BAIRD, in her official capacity and )
individual capacity,                  )
                                      )
            Defendants.               )

## <u>ORDER</u>

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Exclude Plaintiff's Expert for Failure to Comply with Rule 26(a)(2)(B), or in the Alternative, Allow Defendants Time to Respond [Doc. 22], filed by Defendants Campbell County, Tennessee, and Alene Baird, in her official capacity. For grounds, Defendants state that Plaintiff's expert disclosures were due on July 2, 2018, and that in accordance with the deadline, Plaintiff provided her expert disclosures naming Charles L. Baum, P.h.D., as an expert witness. Plaintiff, however, did not provide a report for Dr. Baum until July 30, 2018. Defendants state that their expert disclosures are due on August 1, 2018. Further, Defendants assert that under Federal Rule of Civil Procedure 37(c)(1), Plaintiff must show that the delay was substantially justified or harmless. Defendants claim that Plaintiff's untimely disclosure was neither substantially justified nor harmless. In the alternative, Defendants request thirty (30) days to provide an expert report in response to Plaintiff's late report.

Plaintiff filed a Response [Doc. 23], stating that she does not oppose whatever extension Defendants need to disclose their expert reports. Plaintiff asserts that both parties have failed to complete any discovery by the Court's deadlines and that they have agreed to hold depositions beyond the discovery deadline. Defendants did not file a reply brief.

The Court has considered the parties' filings. As an initial matter, with respect to Plaintiff's statement that the parties have agreed to hold depositions beyond the discovery deadline, the Court **ADMONISHES** the parties that they are not permitted to change the deadlines without a Court order. *See* [Doc. 10] ("Should the parties desire a change in any of the other dates, they should notify the Court by motion and seek an order changing those dates."); *see also* Fed. R. Civ. P. 6(b)(1) (a party must establish good cause for an extension, if the extension is requested prior to the deadline expiring) and Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). With respect to the merits of this Motion, under the circumstances of this case, including both parties' failure to abide by the deadlines, the Court will allow Defendants an additional thirty (30) days from entry of the instant Order to submit their expert disclosures. Accordingly, Defendants' Motion to Exclude Plaintiff's Expert for Failure to Comply with Rule 26(a)(2)(B), or in the Alternative, Allow Defendants Time to Respond [**Doc. 22**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge